UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRADLEY KEITH SLEIGHTER,

                Plaintiff,                Case No. 1:13-cv-697

v.                                    Honorable Janet T. Neff

KENT COUNTY CORRECTIONAL
FACILITY ADMINISTRATION et al.,

                Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a prisoner at the Kent County Correctional Facility pursuant to 42 U.S.C. § 1983.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's second amended *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's second amended complaint on immunity grounds against Defendant City of Wyoming "by and

---

[1]Plaintiff filed his original complaint (docket #1) while he was a prisoner at the Kent County Correctional Facility. He since has been released. However, Plaintiff's complaint remains subject to review under all the PLRA provisions applicable at the time he filed his original complaint. Plaintiff has since filed a first amended complaint (docket #7) and a second amended complaint (docket #8). The Court will review the allegations of Plaintiff's second amended complaint herein.

through the 62A District Court and Judge Cortes." (Second Am. Compl., docket #8, Page ID#45.) The Court will serve the complaint against Defendants Kent County, Lawrence Stelma, Jon Hess, Brian Johnson, Randy Demory and Unknown Bernhardt.

**Discussion**

       I.       Factual allegations

Plaintiff Bradley Keith Sleighter was jailed at the Kent County Correctional Facility (KCCF) at the time he filed his original complaint. In his *pro se* second amended complaint (docket #8), Plaintiff sues the City of Wyoming ("through the 62A District Court and Judge Pablo Cortes"), KCCF Sheriff Lawrence Stelma, KCCF Undersheriff Jon Hess, KCCF Captain Randy Demory and KCCF Sergeant Bernhardt. (Second Am. Compl., docket #7, Page ID#35.)

Plaintiff was housed at KCCF between January 16, 2012, and November 15, 2012. He was again incarcerated at KCCF starting on June 3, 2013 through August 29, 2013. Plaintiff's second incarceration is the subject of the instant action. On June 3, 2013, Plaintiff arrived at KCCF with legal documents, stamps and envelopes addressed to the Clerks of the United States District Court of the Western District of Michigan and the Sixth Circuit Court of Appeals. The jail, however, confiscated those items as contraband. Plaintiff explained to Sergeant Johnson that the confiscated material involved litigation with Undersheriff Hess. Plaintiff requested that Johnson speak with Hess but Johnson refused. Plaintiff also sent correspondence to Hess, Captain Randy Demory, the mail room supervisor and court services to retrieve the confiscated items to no avail.[2] Because Plaintiff's legal documents were confiscated, he could not notify either court of his change in address. Without notification of Plaintiff's change of address, the federal district court and the

---

[2]The Court notes that Plaintiff did not list the mail room supervisor or court services as Defendants in this action.

Sixth Circuit Court of Appeals mailed Plaintiff's court filings to his home address. Plaintiff's wife then forwarded the documents to KCCF but KCCF confiscated Plaintiff's mail as contraband because it contained a metal paper clip. Plaintiff noted that KCCF usually removes metal paper clips and allows the inmates to keep the remaining mail. Plaintiff's mail, however, was never forwarded to him. Plaintiff claims that Defendants Hess and Demory obstructed him from receiving his legal mail.

Plaintiff also states that KCCF Defendants, through their policies and procedures, obstructed Plaintiff's access to the 62A District Court by not providing him with the means to notify the trial court of his intention to appeal. When Plaintiff was able to contact the trial court, he was informed that he missed the deadline to appeal.

On July 24, 2013, Sergeant Bernhardt searched the legal materials in Plaintiff's cell and found that Plaintiff possessed "forged legal documents." (Second Am. Compl., docket #8, Page ID#49). Plaintiff states that a sergeant does not routinely search an inmate's cell except for training purposes. Plaintiff argues that Bernhardt targeted him because of Plaintiff's ongoing litigation against certain KCCF Defendants. Captain Demory, who is a defendant in at least three of Plaintiff's pending civil rights actions, ordered Plaintiff to be placed in KCCF's administrative segregation unit. Plaintiff remained in the unit until he was released from KCCF on August 19, 2013.[3] Plaintiff argues that KCCF has a policy of reading a prisoner's legal documents under the guise of it being necessary for the security of the jail in violation of the prisoner's constitutional rights.

---

[3]*See Sleighter v. Kent Cnty. Corr. Facility et al.,* No. 1:12–cv–910 (W.D. Mich.) (naming Defendant Demory); *Sleighter v. Kent Cnty. Jail Admin. et al.,* No. 1:12–cv–763 (W.D. Mich.) (naming Defendant Demory); *Sleighter v. Kent Cnty. Jail Admin. et al.,* No. 1:12–cv–1008 (W.D. Mich.).

While in administrative segregation, Plaintiff alleges that his hands were handcuffed and his legs were shackled whenever he visited KCCF's law library so that he was unable to write, turn pages in books and reach books on the bookshelves. Plaintiff argues that KCCF's policy to handcuff and shackle prisoners in the law library violated his First Amendment right of access to the courts.

Next, Plaintiff claims that the KCCF accounting office would not complete his certified trust account statement in order to proceed *in forma pauperis* in his cases. Plaintiff claims that this was an attempt for Defendants to insure that § 1983 complaints would not be filed against them in the future.

On June 3, 2013, Plaintiff was found guilty of a misdemeanor in the 62A District Court by Judge Pablo Cortes. At his sentencing, Plaintiff states that he informed Judge Cortes that he had several pending cases against KCCF Defendants, and being housed at KCCF would hinder his ability to advance those cases. Nevertheless, Judge Cortes ordered Plaintiff to be incarcerated at KCCF. Plaintiff then asked the trial court for the paperwork to appeal his conviction and sentence. Plaintiff was informed that KCCF would provide him with the necessary paperwork. KCCF, however, never provided him with any paperwork. As a result, Plaintiff claims that he forfeited his right to appeal his conviction and sentence. In sum, Plaintiff argues that the City of Wyoming, through the 62A District Court and Judge Cortes, violated his First Amendment rights.

Reading Plaintiff's complaint liberally, Plaintiff alleges that Defendants violated his First Amendment rights against retaliation and to access the courts. *See Kerner*, 404 U.S. at 520.

Plaintiff requests declaratory relief and nominal damages.

II.     <u>Immunity</u>

Plaintiff sues the City of Wyoming, "by and through the 62A District Court and Judge Cortes." (Second Am. Compl., docket #8, Page ID#45). Plaintiff may not maintain a § 1983 action against the 62A District Court and District Court Judge Pablo Cortes. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

The district courts of the State of Michigan are clearly arms of the state and are therefore immune from suit. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. ART. VI, § 1; *see Smith v. Oakland Cnty. Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). District courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay Cnty.*, 190 N.W.2d

219, 224 (Mich. 1971).  The Sixth Circuit has squarely held that suits against Michigan courts are

barred by Eleventh Amendment sovereign immunity.  *See Abick*, 803 F.2d at 874.  The Sixth Circuit

decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity

in suits brought against the state courts.  *See Harmon v. Hamilton Cnty. Court of Common Pleas*,

83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th

Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum*

*v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908

(11th Cir. 2006); *Wilson v. Puma Cnty. Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004);

*Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).  Furthermore, civil rights actions under

42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within

the meaning of the statute.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The 62A

District Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

Further, District Judge Pablo Cortes is immune from Plaintiff's suit under the

doctrine of absolute judicial immunity.  State judges enjoy absolute immunity from federal damage

suits for acts performed in their judicial capacities, except for acts done in the clear absence of

jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Alkire v. Irving*, 305 F.3d 456, 469

(6th Cir. 2002).  A claim that the state court judge acted "maliciously or corruptly" and in excess

of his jurisdiction is insufficient to overcome judicial immunity.

> "[J]udges of courts of superior or general jurisdiction are not liable to civil
> actions for their judicial acts, even when such acts are in excess of their jurisdiction,
> and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80
> U.S. (13 Wall.) (1872).  This immunity applies to actions brought under 42 U.S.C.
> § 1983 to recover for alleged deprivation of civil rights. *See Pierson*, 386 U.S. at
> 554-55.  The Supreme Court explained: "If judges were personally liable for
> erroneous decisions, the resulting avalanche of suits, most of them frivolous but
> vexatious, would provide powerful incentives for judges to avoid rendering decisions
> likely to provoke such suits.  The resulting timidity would be hard to detect or
> control, and it would manifestly detract from independent and impartial adjudication

. . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27 (1988).

*Stern v. Mascio,* 262 F.3d 600, 606 (6th Cir. 2001).

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997).

District Court Judge Cortes' decision to send Plaintiff to KCCF was judicial in nature and within his jurisdiction. He is therefore entitled to absolute judicial immunity from damage suits. *Stern*, 262 F.3d at 606. Because Judge Cortes is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii). As 62A District Court and District Court Judge Pablo Cortes are immune from suit, Plaintiff's suit against the City of Wyoming necessarily fails.

    III.    Service

At this stage of the case, the Court concludes that Plaintiff's allegations are sufficient to warrant service of the complaint upon Defendants Kent County,[4] Lawrence Stelma, Jon Hess, Brian Johnson, Randy Demory and Unknown Bernhardt.

---

[4]Plaintiff sues Kent County by and through the "Kent County Correctional Facility Administration." (Second Am. Compl., docket #8, Page ID#45.) To the extent Plaintiff intends to sue KCCF, his claim against KCCF fails because KCCF is a building, not a person capable of being sued in its own right. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Kent County is the appropriate Defendant in Plaintiff's action. *Id.*

IV.     Order

On July 24, 2013, Plaintiff filed a motion (docket #5) to supplement his original complaint. On September 11, 2013 and November 27, 2013, however, Plaintiff filed a first amended complaint (docket #7) and a second amended complaint (docket #8), respectively. Because his second amended complaint takes place of his first amended complaint and his original complaint and supplement, Plaintiff's motion will be denied as moot.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant City of Wyoming "by and through the 62A District Court and Judge Cortes" will be dismissed on immunity grounds. (Second Am. Compl., docket #8, Page ID#45.) The Court will serve the complaint against Defendants Kent County, Lawrence Stelma, Jon Hess, Brian Johnson, Randy Demory and Unknown Bernhardt.

An Order consistent with this Opinion will be entered.


Dated:  February 27, 2014                      /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge